**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TALIJA M. GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-5058 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, DAYNA | ) | **JURY TRIAL DEMANDED** |
| MCCOY, and JOSE JIMENEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff TALIJA M. GRANT, by and through her attorneys, ED FOX & ASSOCIATES, LTD., brings this Complaint against Defendants CITY OF CHICAGO, DAYNA MCCOY, and JOSE JIMENEZ, alleging as follows:

**JURISDICTION AND VENUE**

1.      The cause of action arises under 42 U.S. Code § 1983.

2.      This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

3.      Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within this judicial district.

**PARTIES**

4.      At all relevant times, Plaintiff TALIJA M. GRANT ("Plaintiff") was a citizen of the United States and resided within this judicial district.

5.      At all relevant times, Defendant DAYNA MCCOY ("Defendant McCoy") and JOSE JIMENEZ ("Defendant Jimenez") (collectively "Defendant Officers") were police officers in the Chicago Police Department. Defendant Officers acted under color of

state law and within the scope of their employment. Defendant Officers are being sued in their individual capacities.

6.     At all relevant times, CITY OF CHICAGO ("Defendant City") was a political division of the State of Illinois and served as the employer of Defendant Officers. Defendant Officers acted as representatives, employees, and/or agents of Defendant City. Under the doctrine of *respondeat superior*, Defendant City bears liability for all state law claims committed by its representatives, employees, and agents acting within that scope.

## FACTUAL ALLEGATIONS

7.     On or about June 19, 2024, Plaintiff lawfully stopped her vehicle at a gas station at or around 81st Street and Racine Avenue in Chicago, Illinois.

8.     Defendant Officers activated the emergency lights in their police vehicle, stopped behind Plaintiff's vehicle, exited their vehicle, and approached Plaintiff's vehicle on each side.

9.     Defendant Jimenez asked Plaintiff whether she had any firearms on her person or inside her vehicle.

10.    Plaintiff denied having any firearms.

11.    Defendant Jimenez ordered Plaintiff to exit her vehicle.

12.    Plaintiff complied and exited her vehicle.

13.    Defendant Officers placed Plaintiff in handcuffs.

14.    Plaintiff told Defendant Officers that the handcuffs were too tight.

15.    Defendant Officers ignored Plaintiff's plea to loosen the handcuffs.

16.    Defendant McCoy searched Plaintiff's person.

17.     There was no contraband on Plaintiff's person.

18.     Defendant Jimenez searched Plaintiff's purse.

19.     There was no contraband in Plaintiff's purse.

20.     Defendant Officers placed Plaintiff inside the rear area of a police vehicle.

21.     Defendant Officers searched Plaintiff's vehicle.

22.     There was no contraband in Plaintiff's vehicle.

23.     Eventually, after continued detention, Defendant Officers took Plaintiff out of the police vehicle, uncuffed her, and allowed her to leave.

24.     As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation, indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

25.     The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights, and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26.     Because of the actions and/or omissions mentioned above by Defendant Officers, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to her in the within action so that they might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorneys' fees under all relevant provisions set by law.

**COUNT I**

**WRONGFUL DETENTION IN VIOLATION OF THE FOURTH AMENDMENT
UNDER 42 U.S.C. § 1983**

27.　Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-six (26) as though fully set forth at this place.

28.　Defendant Officers wrongfully detained Plaintiff when they activated the emergency lights on their police vehicle, approached her, asked her about firearms, had her exit her vehicle, placed her in handcuffs, and/or placed her in a police vehicle without legal justification, causing her to suffer emotional, physical, and/or other injuries. Through this conduct, Defendant Officers deprived Plaintiff of her rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**COUNT II
UNLAWFUL SEARCH IN VIOLATION OF THE FOURTH AMENDMENT
UNDER 42 U.S.C. § 1983**

29.　Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-six (26) as though fully set forth at this place.

30.　Defendant Officers unlawfully searched Plaintiff's person, purse, and/or vehicle without legal justification, causing her to suffer emotional and/or other injuries. Through this conduct, Defendant Officers deprived Plaintiff of her rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

**COUNT III
EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT
UNDER 42 U.S.C. § 1983**

31.　Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-six (26) as though fully set forth at this place.

32.     Defendant Officers used excessive force when Plaintiff informed them that the handcuffs were too tight and ignored her without legal justification, causing her to suffer emotional, physical, and/or other injuries. Through this conduct, Defendant Officers deprived Plaintiff of her rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

## COUNT IV
## PROLONGED DETENTION IN VIOLATION OF THE FOURTH AMENDMENT UNDER 42 U.S.C. § 1983

33.     Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-six (26) as though fully set forth at this place.

34.     Defendant Officers prolonged Plaintiff's detention by keeping her handcuffed and in the rear area of a police vehicle after they confirmed that she did not have any contraband on her person, in her purse, or inside her vehicle without legal justification, thereby causing Plaintiff to suffer emotional and/or other injuries. Through this conduct, Defendant Officers deprived Plaintiff of his rights secured by the Fourth Amendment to the United States Constitution and laws enacted thereunder. Therefore, Defendant Officers are liable under 42 U.S.C. § 1983.

## COUNT V
## FALSE IMPRISONMENT IN VIOLATION OF ILLINOIS COMMON LAW

35.     Plaintiff hereby incorporates and reasserts paragraphs one (1) through twenty-six (26) as though fully set forth at this place.

36.     Defendant Officers intentionally falsely imprisoned Plaintiff when they activated the emergency lights on their police vehicle, approached her, asked her about firearms, had her exit her vehicle, placed her in handcuffs, and/or placed her in a police

vehicle without legal justification, causing her to suffer emotional and other injuries. Through this conduct, Defendant Officers committed false imprisonment under Illinois law. Therefore, Defendant City is liable under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

37.     Defendants shall pay general damages.

38.     Defendants shall pay special damages.

39.     Defendants shall pay Plaintiff's attorneys' fees.

40.     Defendant Officers shall pay punitive and exemplary damages.

41.     Defendants shall pay the costs of the suit herein incurred.

42.     Plaintiff shall have such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

43.     Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: May 7, 2025

Respectfully submitted,

*/s/ Peter T. Sadelski*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
118 N. Clinton St., Ste. 425
Chicago, IL 60661
(312) 345-8877
petersadelski@efoxlaw.com
*Attorney for Plaintiff*